Newbold T. Lawrence and Others, Appellants, v. The Town of Hempstead, Respondent.— BROWN, P. J.: In this case I concur with the views expressed by Justice Pratt in his opinion written on the former argument. The judgment must, therefore, be reversed, and there must be a new trial, with costs to abide the event. In this conclusion Justice Pratt concurs.

DYKMAN, J. (dissenting): This is an action to quiet the title to a large tract of land in Queens. county and prevent interference

therewith by the defendant. Starting with the title to the land in the town of Hempstead, by virtue of a grant from William Kieft, the Dutch Governor of the New Netherlands, to the Rev. Robert Fordham and others, dated November 16, 1644, confirmed by a patent from the English Governor, Thomas Dongan, dated April 17, 1685, the plaintiff assumed the burden of proving title out of the defendant and in himself. For the purpose of sustaining the burden thus assumed, the plaintiff introduced an order, known in the case as the fencing order, made at a town meeting of the town of Hempstead on the 17th day of April, 1659, and a quitclaim deed from from fifty-eight persons to Jacob Hicks, dated June 7, 1725. Giving to the fencing order and the deed the force and effect claimed for them by the plaintiff, we cannot find that they embrace the land in question. The designation of the premises in the order and deed is quite too general and uncertain to constitute a basis for a judgment in favor of the plaintiff. It is essential to the validity of a grant that the premises upon which it is to operate must be so described therein that they can be identified, and if the intention of the parties cannot be discovered the conveyance is inoperative. (*Coleman* v.

*Manhattan Beach Co.*, 94 N. Y. 232; *Jackson* v. *Rosevelt*, 13 Johns. 97; *Peck* v. *Mallams*, 10 N. Y. 509.) As that uncertainty seems to be an insuperable obstacle in the way of the plaintiff, further examination is rendered unnecessary. The judgment should be affirmed, with costs.

In the Matter of Petition of the Brooklyn Elevated Railroad Company Relative to Acquiring Title to Land, etc., on Lexington Avenue, Brooklyn. (Lands of Poellman.) — Final order affirmed, with costs.—